ADOLFO J. DE ARRASTIA ET AL., Plaintiffs and Appellants, v. JACOBO QUILES VÉLEZ, Defendant and Appellee.

No. 9302. Argued March 21, 1946.—Decided April 8, 1946.

858

*Francisco Vizcarrondo Morell* for appellants. *Buenaventura Esteve* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an unlawful detainer suit by a husband and wife against the defendant who pleaded that he is in possession of the property in question by virtue of a five-year lease which has not expired. At the trial on the merits, the plaintiffs contended that (1) the lease was obtained through threats and violence, and (2) the lease was invalid because it was executed by the wife alone and not by the husband, the administrator of the community property.

The district court found on the evidence that the lease was voluntarily executed by the wife. We find nothing in the record which would justify interference with that finding.

However, relying on *Colón* v. *Santiago,* 64 P.R.R. 298; *Heirs of Pedroza* v. *Martínez,* 64 P.R.R. 5; and *P. R. Leaf Tobacco Co.* v. *Colón,* 50 P.R.R. 291, the lower court held that the question as to the validity of the lease executed by the wife was serious and substantial, and that it therefore must be determined in an ordinary action and not in a summary unlawful detainer action. The plaintiffs appealed from the judgment of the district court dismissing the complaint on that ground.

It is true that the deed by which this property was purchased recited that it was being acquired by the wife. But § 1301 of the Civil Code provides that "Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only" belongs to the conjugal partnership. Here the deed of

purchase affirmatively stated that the wife was at that time married to the co-plaintiff. And the defendant made no showing to the contrary.[1]

Section 1301 contains the further requirement that such property must be acquired "at the expense of the partnership property." However, no specific proof was needed on that issue as there is nothing in the record to overcome the presumption of § 1307 of the Civil Code that "All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife." See *Consolidated Broadcasting Corporation* v. *Conesa, ante,* p. 745.

 In deciding that the dispute as to the validity of the lease could not be resolved in an unlawful detainer proceeding, the district court overlooked the nature of this dispute. The cases on which it relied involved disputes as to title. But as we have seen no serious question of title was raised here. On the contrary, the plaintiffs established their title to the property in question. Consequently, the only issue remaining in the case—the validity of the lease on which the defendant predicated his right to possession—could properly be decided in an unlawful detainer suit. As we pointed out in *Abarca* v. *Cordero,* 60 P.R.R. 507, 515, "Our cases hold that a serious conflict on the question of title is a bar to an unlawful detainer suit. But here there is no dispute as to title. . . . The dispute herein revolves around the right to possession, based on an alleged lease for a fixed term. Even though there be a serious conflict in the evidence as to the existence [or validity] of such a lease, a suit for unlawful detainer is the appropriate form of action to resolve that dispute. This is because the very issue to be decided in an unlawful detainer suit is the right to posses-

---

[1] Counsel for the defendant confined himself to asking the wife on cross-examination if she had not acquired the property before her marriage. Her reply that she did not remember the date of her marriage did not affect the issue here.

sion. *Maceira* v. *Pietri. et al.*, 30 P.R.R. 545.'' (Matter in brackets supplied.)

The case will be remanded for a new trial, at which time the lower court will be called on to determine whether there are any facts or circumstances which take this case out of the ordinary rule that the husband, as the administrator of the conjugal property, was the proper person to lease such property to a third person. See §§ 1312 and 91 of the Civil Code.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.